UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PREMIER INPATIENT PARTNERS, LLC**,

        Plaintiff,

v.                                            Case No.: 8:18-CV-619-MSS-AAS

**AETNA HEALTH AND LIFE
INSURANCE COMPANY**,

        Defendant.

_____/

**PLAINTIFF'S MOTION FOR REMAND AND
INCORPORATED MEMORANDUM OF LAW**

Premier Inpatient Partners, LLC (hereinafter, the "Plaintiff"), hereby moves to remand this action to the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, and states as follows:

**I. FACTS**

1. The Plaintiff is a health care provider of emergency care and services, licensed and operating in the State of Florida.

2. Aetna Health and Life Insurance Company (hereinafter, the "Defendant") is a health maintenance organization ("HMO"), health insurer, health claims third-party administrator, or health claim affiliate actively engaged in the transaction of health care insurance servicing in the State of Florida.

3. The Plaintiff provided emergency medical services and treatment to A.B. (hereinafter, the "Patient"), an individual covered by a health insurance policy between the Patient and the Defendant.

4. On February 12, 2018, the Plaintiff filed a Complaint in the County Court in and for Pinellas County, Florida, Small Claims Division, initiating this instant action. The Plaintiff's complaint alleges two **independent** state-law causes of action against the Defendant for proper reimbursement rates for emergency medical services rendered by the Plaintiff. The claim(s) at issue have already been adjudicated and determined to be a covered loss. Complaint at pp. 22, 23.

5. On March 14, 2018, the Defendant filed a Notice of Removal of this action to this Court, alleging that removal is proper based on 28 U.S.C. §§ 1331 and 1442(a)(1).

6. The instant Motion for Remand follows.

## II. ARGUMENT/MEMORANDUM OF LAW

### A. Removal Standard

7. A removing party bears the burden of establishing that jurisdiction lies in federal court and must prove jurisdictional facts justifying removal. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Hobbs v. Blue Cross Blue Shield of Ala.,* 276 F.3d 1236, 1242 (11th Cir. 2001) (remanding to state court where health insurer failed to provide proof in support of removal). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Total Fleet Solutions. Inc. v. Nat. Ins. Crime*

*Bureau*, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* (citations omitted). A defendant's burden of proof is therefore a heavy one. *Id.* There is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Russell Corp. v. American Home Assur. Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns*, 31 F.3d at 1095).

### B.  Removal Based on 28 U.S.C. § 1331 & 1441(a) is Improper

8.     First, as to the Defendant's reliance on § 1331 for removal, the Plaintiff acknowledges that a civil action filed in a state court of which the district courts of the United States have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441(a). The federal courts enjoy original jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331; *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008).

9.     In determining whether a claim arises under federal law, courts examine the "well pleaded" allegations of the complaint without regard to any potential defenses. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face

of the plaintiff's properly pleaded complaint."). The exception to this well pleaded complaint rule is complete preemption or, where Congress has expressly provided for removal. *Id.*

10.     The Plaintiff contends that under the well-pleaded complaint rule, its state-law claims allow for no finding of federal question jurisdiction. Additionally, the Plaintiff contends that there is no complete preemption nor does the Medicare Act expressly provide for removal of the Plaintiff's claims.

11.     The Plaintiff's Complaint alleges violations of sections 641.513(5), 641.3155, and 627.6131, Florida Statutes, relating to the rate of payment and rate of interest owed to out-of-network emergency medical service providers. The face of the Plaintiff's Complaint makes no mention of a Medicare Advantage plan and the Plaintiff would further point out that the Defendant has failed to demonstrate the existence of a Medicare Advantage plan with the Patient. Notably, the Plaintiff does not seek a coverage determination for a patient under **any** plan; rather, it seeks to be reimbursed for services rendered at the State of Florida statutorily mandated rates. Thus, the Plaintiff's claims arise under independent state law, not federal law. *See, e.g.*, *Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Fla., Inc.*, 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017) and *Borrero v. United Healthcare of NY, Inc.*, 610 F.3d 1296, 1302 (11th Cir. 2010) (both cases finding that independent actions which challenge the sufficiency of the amount of reimbursement for medical services do not arise under ERISA).

12.     To the extent the Defendant's Notice of Removal can be read to allege the existence of express preemption as an exception to the well-pleaded complaint rule, this specific

argument has been rejected in the context of the Medicare Act. *See Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044 (11th Cir. 2008); *Sols. Diagnostic Ctr., Inc. v. Pyramid Life Ins. Co.*, 619 F. Supp. 2d 1353 (S.D. Fla. 2009).

13. In *Dial*, the defendant made the identical argument that the "Medicare Act expressly preempts state substantive law, *see* 42 U.S.C. § 1395w–26, and provides the exclusive remedy for at least some of the allegations in the complaint, *see* 42 U.S.C. § 1395w–22(g)(5)." 541 F.3d at 1047. The Eleventh Circuit held that removal was improper because federal courts do not have original jurisdiction of claims arising under the Medicare Act. *Id.* at 1047-48. Therefore, to the extent the Defendant alleges that the Plaintiff's claims arise under the Medicare Act, removal pursuant to §§ 1331 and 1141(a) would be improper.

14. Finally, the Defendant cannot demonstrate complete preemption entitling the Defendant to remove this case. *See MSPA Claims 1, LLC v. Allstate Prop. & Cas. Ins. Co.*, 2016 WL 4370078, at *6 (S.D. Fla. 2016) ("the Court also agrees with a number of United States district courts within the Eleventh Circuit that have found that 42 U.S.C. § 1395w-26(b)(3) does not completely preempt state-law claims.").

**C.  Removal Based on 28 U.S.C. § 1442(a)(1) is Improper**

15. Second, the Defendant's reliance on § 1442(a)(1), the federal officer removal statute, as a basis for removing this action, is likewise improper. § 1442(a)(1) provides that a civil action commenced in state court that is against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any

agency thereof, in an official or individual capacity, for or relating to any act under color of such office…" may be removed by them to the district court of the United States.

16. The Defendant alleges that it is a Medicare Advantage organization, which has been delegated authority from the federal government to administer Medicare benefits. The Defendant alleges that it administers payment of claims for treatment to members of its Medicare Advantage program based upon applicable federal laws and regulations. The Defendant alleges that the standards established by CMS for Medicare Advantage plans apply to the Plaintiff's claims for benefits at issue in this case and provide the Plaintiff's exclusive administrative remedies, citing to 42 C.F.R. §§ 422.200, 422.214(a)(1). Thus, the Defendant alleges that the Plaintiff's claims arise under the Medicare Act and it is entitled to remove this action under the federal officer removal statute.

17. Initially, the Plaintiff points out that the Defendant's particular argument for removal based on § 1442 has been specifically rejected by a federal appellate court. In *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 623 (6th Cir. 2016), the Sixth Circuit held that the relationship between CMS and a Medicare Advantage organization is too tenuous as to provide a basis for federal officer removal. The *Ohio State Chiropractic* court therefore concluded that the district court lacked subject matter jurisdiction over the action and the suit was proper in state court. 647 F. App'x at 625.

18. Notwithstanding the Sixth Circuit's controlling decision in *Ohio State Chiropractic*, the Plaintiff further contends that the Defendant has failed to meet its burden to demonstrate that removal is proper under the § 1442.

19. According to the Defendant, a private party seeking to remove under the federal officer removal statute must satisfy four criteria: (i) it must be a "person"; (ii) it must be "acting under" a federal officer or agency; (iii) it must be sued for actions "under color of such office;" and (iv) it must have a colorable federal defense. *See Associates Rehabilitation Recovery, Inc. v. Humana Medical Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014).

20. The Defendant's reliance on *Associates Rehabilitation Recovery* is misplaced as the facts are completely separate and distinct from the facts present here. *Associates Rehabilitation Recovery* involved a declaratory action for **coverage** determination (claims denied as not medically necessary) brought by a **non-emergency** medical services provider pursuant to an **in-network** provider contract dependent on the Medicare Act. In addition, there was no discussion by the Court or the parties regarding the Court's lack of original jurisdiction.

21. Moreover, the Plaintiff contends that the Defendant has not proven that it is acting under a federal officer or agency. The Defendant has not produced the health risk contract that it allegedly has with CMS. Moreover, Medicare Advantage organizations are private companies and a private company does not "act under" a federal officer simply because its activities are directed, supervised, and monitored by an agency. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007).

22. The Defendant has also failed to demonstrate that it is being sued for actions "under such color of office." The Plaintiff is suing the Defendant for proper reimbursement for emergency care and services rendered by an out-of-network provider pursuant to Florida

Statutes. Rate of reimbursement for a non-participating provider is governed by Florida state law, specifically, sections 641.513(5), 641.3155, and 627.6131, Florida Statutes. The Plaintiff does not seek a coverage determination, rather it seeks a rate of payment determination. Interpretation of the alleged Medicare Advantage plan is not necessary to decide this case. *See Sheridan Healthcorp, Inc. v. Aetna Health Inc.*, 161 F. Supp. 3d 1238, 1246 (S.D. Fla. 2016) ("Sheridan is in fact suing Defendants solely for breach of its agreement, and in so doing, does not assert allegations of any ERISA violations.... No interpretation of the ERISA-regulated employee health benefit plan is necessary to decide this case."); *see also Baptist Hosp. of Miami, Inc. v. Humana Health Ins. Co. of Fla., Inc.*, 2015 WL 11237013, at *3 (S.D. Fla. 2015) ("A key inquiry to determine whether an action is based on an insurer's role in administering a FEHBA plan, and therefore whether it acts under the direction of OPM, is whether the plaintiff's claim is based on the plan participant's right to reimbursement and whether the plaintiff healthcare provider is seeking payment based on an assignment from the plan participant.").

23. The Plaintiff is not suing the Defendant for any actions allegedly performed "under color of office" because the Medicare Act does not regulate the rate at which out-of-network emergency health care providers are reimbursed. *See, e.g., Ohio State Chiropractic Ass'n*, 647 F. App'x at 623 ("MAOs can design MA plans as they see fit. For example, MAOs have free rein to decide: the network of providers with whom they contract, 42 C.F.R. § 422.4; the benefits to provide enrollees beyond traditional Medicare, *id.* § 422.102(b); the out-of-pocket costs that they charge enrollees, *id.* § 422.111(f)(5); and the care that enrollees can obtain

from out-of-network providers, *ibid*. MAOs do not regularly update CMS on their enrollees' claims and benefits."). Thus, the Defendant has failed to make a showing that its relationship with the Plaintiff and the acts for which it is being sued are defined and governed by federal law, particularly, the Medicare Act.

24. The Defendant relies on preemption as its colorable federal defense. However, because there is no preemption, consequently, there is no federal defense. As discussed thoroughly throughout this motion, the Plaintiff's claims do not arise under the Medicare Act, thereby providing federal question jurisdiction. Additionally, there is no express or complete preemption. *See Dial* and *MSPA Claims 1, LLC*, supra.

25. The Defendant also asserts conflict preemption as its colorable federal defense. However, conflict preemption is merely an affirmative defense in state court and not colorable federal defense and would not provide a basis for removal jurisdiction. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009). Plaintiff's Complaint only asserts independent state law claims and the Defendant's assertion would only be appropriate if raised as an affirmative defense in the state court in which this claim was originally filed.

26. Lastly, the Defendant's claim that this case should be removed under 28 U.S.C. § 1442(a)(1) wholly ignores that statute's original intent was to allow federal officers to assert immunity from situations where there is a significant risk of state-court prejudice. *Watson*, 551 U.S. 142. As a matter of statutory purpose, a company subject to federal regulation (even highly complex regulation) complies with such regulation, it does not ordinarily create a

significant risk of state-court prejudice. *Id.* at 152. "Nor is a state-court lawsuit brought against such a company likely to disable federal officials from taking necessary action designed to enforce federal law. Nor is such a lawsuit likely to deny a federal forum to an individual entitled to assert a federal claim of immunity." *Id.* (internal citations omitted). As the moving party, the Defendant has neither raised immunity as a federal defense nor has the Defendant demonstrated a significant risk of state-court prejudice.

## CONCLUSION

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court enter an order remanding this lawsuit back to the County Court of Pinellas County, Florida, and awarding attorney's fees and costs because Aetna has no reasonable basis for removal to this Court, together with any further relief the Court deems just and proper. Respectfully submitted this 27th day of March, 2018.

/S/ Daniel Butler Smith
DANIEL BUTLER SMITH, ESQ.
Florida Bar No. 0057309
SMITH LAW
8710 W Hillsborough Ave. #22
Tampa, FL 33615
Phone: (833) 764-8435
Designated service e-mail:
dan@smithlawfl.com

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that counsel for the Plaintiff conferred with counsel for the Defendant, who does oppose the requested relief.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on counsel of record for the Defendant, Cindy Duque Bonilla, Esq., at cbonilla@wwhd.com, by electronic service using CM/ECF.

/S/ Daniel Butler Smith
DANIEL BUTLER SMITH, ESQ.