IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PREMIER INPATIENT PARTNERS, LLC, )
A.B. )
                                                       )
             Plaintiff, )
v. )    CASE NO.: 8:18-cv-000619-MSS-AAS
                                                       )
AETNA HEALTH AND LIFE )
INSURANCE COMPANY, )
                                                       )
             Defendant. )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

      Plaintiff, Premier Inpatient Partners, LLC (hereinafter "Premier"), hereby respectfully submits this Reply to Defendant's, Aetna Health and Life Insurance Company (hereinafter "Aetna"), Memorandum in Opposition to Premier's Motion to Remand, and in support hereof states:

**INTRODUCTION AND BACKGROUND**

      Premier is a provider of emergency medical health care and services that treated A.B., an individual covered by a health insurance policy between A.B. and Aetna. Premier originally filed suit against Aetna in state court seeking proper reimbursement for claims submitted to Aetna, which were determined to be covered services by a non-participating provider. Aetna then removed this case to federal court pursuant to the federal officer removal statute, codified at 28 U.S.C. § 1442(a)(1), as well as pursuant to 28 U.S.C. § 1331 for claims "arising under" federal law. Premier asserts that removal was improper and that this suit must be remanded back to state court.

## ARGUMENT

**I.      Removal Improper under 28 U.S.C. § 1442(a)(1)**

The federal officer removal statute provides in pertinent part that a civil action that is filed in a State court may be removed if it is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office…" 28 U.S.C. § 1442(a)(1). Because Aetna is not a federal officer or agency itself, Aetna must satisfy a three-pronged test to determine whether it is entitled to removal. *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017). Aetna must show (1) that it acted under a federal officer; (2) that it performed actions for which it is being sued under color of federal office, (i.e., that there is "a causal connection between what the officer has done under asserted official authority and the action against him"); and (3) that it raised colorable federal defenses. *Marshall v. Largo Medical Ctr., Inc.*, No. 8:17-CV-873-T-33TBM, 2017 WL 1396478, at *1 (M.D. Fla. Apr. 19, 2017) (citing *Caver*, 845 F. 3d at 1142).

Premier asserts that Aetna is unable to meet this three-pronged test; thus, removal was improper and the case must be remanded to state court. As to prongs one and two, Medicare Advantage Organizations (hereinafter "MAOs"), such as Aetna, are private companies and a private company does not "act under" a federal officer simply because its activities are directed, supervised, and monitored by an agency. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007). Indeed, in *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619 (6th Cir. 2016), the Sixth Circuit considered whether Humana, a MAO, acted under a federal

2

officer and ultimately concluded that it did not; thus, remanding the case to state court. The Sixth Circuit held that the relationship between CMS and MAOs is not so unusually close that Humana could utilize the federal officer removal statute. In so holding, the Sixth Circuit explained that MAOs have an arms-length relationship with CMS:

> For example, MAOs have free rein to decide: the network of providers with whom they contract, 42 C.F.R. § 422.4; the benefits to provide enrollees beyond traditional Medicare, *id.* § 422.102(b); the out-of-pocket costs that they charge enrollees, *id.* § 422.111(f)(5); and the care that enrollees can obtain from out-of-network providers, ibid. MAOs do not regularly update CMS on their enrollees' claims and benefits. *See id.* § 422.310. In fact, they are required to attempt to resolve benefits disputes before MA plan enrollees resort to administrative review. *Id.* § 422.562.
> …. However regulated MAOs may be, they operate at a distance from CMS.

*Id.* at 623-24. The Sixth Circuit further elaborated on the autonomy of MAOs, noting that Part C has no analogue to 42 C.F.R. § 421.5(b) permitting MAOs to act on CMS's behalf, and finding that MAOs do not perform a job that the government would otherwise have to perform. *Id.*

Moreover, the U.S. government specifically rejects the view that MAOs may invoke the officer removal statute, stating that "[t]he nature of the MA program is such that MAOs cannot fairly be found to be 'acting under' CMS as required by the federal officer removal statute…. Unlike discal intermediaries who 'act on behalf of CMS in carrying out certain administrative responsibilities' to execute Medicare Parts A and B, MAOs do not act on behalf of CMS." *Amicus* Brief by the U.S. Government in *Ohio State Chiropractic Ass'n*, at pp. 6-7.

Premier points out that this Court has recently followed the instruction of *Watson* and *Humana* in the factually similar case of *Kindred Hosps. E., LLC, et al v. Wellcare of Fla., et al*, No.8:17-cv-00864-EAK-AEP (M.D. Fla. February 2, 2018) ECF No. 43. In *Wellcare*, the plaintiffs argued that removal under the federal officer removal statute was improper, asserting that the case was a contract-based payment dispute between two private companies,

3

notwithstanding the fact that the defendant is an MAO. After considering the district court cases of *Assocs. Rehab. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388 (S.D. Fla. 2014) and *Manorcare Potomac v. Understein*, No. 8:02-CV-1177-T-23EAJ, 2002 WL 31426705 (M.D. Fla. Oct. 16, 2002), both of which are relied on by Aetna in its Memorandum in Opposition to Plaintiff's Motion to Remand, this Court found *Watson* and *Humana* to be more persuasive and strongly reasoned; thus, concluding that removal was improper and remand was required.

Likewise, this instant case is a contract-based, albeit implied-in-law contract, payment dispute between two private parties. Premier urges that this Court should again follow the instruction in *Watson* and *Humana*, as this Court did in *Wellcare*, to find that removal was improper because Aetna has not demonstrated that it acted under the control of a federal officer.

## II.     Removal Improper under 28 U.S.C. § 1331

The federal courts enjoy original jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331; *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008). In determining whether a claim arises under federal law, courts examine the "well pleaded" allegations of the complaint without regard to any potential defenses. *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Premier's Amended Complaint alleges one count of a violation of a state statute/breach of contract implied-in-law. Premier does not seek a coverage determination for a patient under any plan; rather, it seeks to be reimbursed for services rendered at the State of Florida statutorily mandated rates. Thus, Premier's claim does not "necessarily implicate[] the construction of the federal law and regulations governing the Medicare Act," contrary to Aetna's allegations. Even if this case did "arise under" the Medicare Act, the Eleventh Circuit has expressly held that federal courts do

4

not have original jurisdiction of claims arising under the Medicare Act. *See Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044, 1047-48 (11th Cir. 2008)

## CONCLUSION

Premier is a non-participating emergency medical provider; thus, Premier relies on section 641.513(5)/implied-in-law contract for reimbursement. Because Aetna does not act under a federal officer, removal under 28 U.S.C. § 1442(a)(1) is improper. Additionally, because Premier's claim does not arise under federal law, removal under 28 U.S.C. § 1331 is improper. Thus, this case must be remanded to state court.

**WHEREFORE**, Premier respectfully requests that this Court enter an order remanding this lawsuit to the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, and awarding attorney's fees and costs, together with any further relief the Court deems just and proper.

Respectfully submitted this 31at day of July, 2018.

/S/ DANIEL B. SMITH
DANIEL B. SMITH, ESQ.
Florida Bar No. 0057309
MORGAN AND MORGAN, P.A.
3705 N. Himes Ave.
Tampa, FL 33615
Phone: (813) 877-8600
Designated service e-mail:
dansmith@forthepeople.com
Secondary e-mail:
kboussebaa@forthepeople.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of July, 2018, I certify that a true and correct copy of the foregoing document was served on counsel of record for the Defendant, Cindy Duque Bonilla, Esq., at cbonilla@wwhd.com, by electronic service using email.

/S/ DANIEL B. SMITH
DANIEL B. SMITH, ESQ.
Florida Bar No. 0057309
MORGAN AND MORGAN, P.A.
3705 N. Himes Ave.
Tampa, FL 33615
Phone: (813) 877-8600
Designated service e-mail:
dansmith@forthepeople.com
Secondary e-mail:
kboussebaa@forthepeople.com